UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

(FILED ELECTRONICALLY)

CIVIL ACTION NO.  1:17-cv-194-GNS

UNITED STATES OF AMERICA                                    PLAINTIFF

vs.

GREGORY A. DUNHAM a/k/a                                     DEFENDANT
GREGORY ALLEN DUNHAM a/k/a
GREG DUNHAM and his wife
SAYRA LAWRENCE DUNHAM a/k/a
SAYRA DUNHAM
225 Old Scottsville Rd Loop 2
Glasgow, KY 42141

CACH, LLC
SERVE: Scott Burns
LLOYD & MCDANIEL, PLC
PO Box 23200
Louisville, KY 40223-0200

**COMPLAINT FOR FORECLOSURE**

Plaintiff, the United States of America, states as follows:

1. This is a mortgage foreclosure action brought by the United States of America on behalf of its agency, the United States Department of Agriculture Rural Housing Service also known as Rural Development (hereinafter collectively "RHS").

2. Jurisdiction arises under 28 U.S.C. § 1345. Venue is proper in this judicial division, where the subject property is located.

3. RHS is the holder of a promissory note ("the Note") executed for value on August 23, 2007 by Defendant Gregory A. Dunham a/k/a Gregory Allen Dunhan a/k/a Greg Dunham ("the Borrower"). The principal amount of the Note was $129,500.00, bearing interest at the rate of 5.75 percent per annum, and payable in monthly installments as specified in the Note. A copy of the Note

is attached as **Exhibit A** and incorporated by reference as if set forth fully herein.

  4. The Note is secured by a Real Estate Mortgage (the "Mortgage") recorded on August 24, 2007, in Mortgage Book 376, Page 933, in the Office of the Clerk of Barren County, Kentucky.  Through the Mortgage, the Borrower and his wife Sayra Lawrence Dunham a/k/a Sayra Dunham granted RHS a first mortgage lien against the real property including all improvements, fixtures and appurtenances thereto at 225 Old Scottsville Road, Loop 2, Glasgow, Barren County, Kentucky (the "Property") and described in more detail in the Mortgage.  A copy of the Mortgage is attached as **Exhibit B** and incorporated by reference as if set forth fully herein.

  5. To receive subsidies on the loan, the Borrower signed a Subsidy Repayment Agreement authorizing RHS to recapture, upon transfer of title or non-occupancy of the Property, any subsidies granted to the Borrower by RHS. A copy of the Subsidy Repayment Agreement is attached as **Exhibit C** and incorporated by reference as if set forth fully herein.

  6. On or about May 13, 2011, the Borrower, for value, executed and delivered to RHS a Reamortization Agreement which changed the terms of the original Note.  Specifically, the unpaid principal and the unpaid interest were combined for a new principal amount of $135,969.99, and the amount of the monthly installment payment was increased to $801.16.  A copy of the Reamortization Agreement is attached as **Exhibit D** and incorporated by reference as if set forth fully herein.

  7. The United States does not seek through this action to impose personal liability against the Borrower for the Borrower's default on the Note and Mortgage.  On December 2, 2013, the Borrower and his wife Sayra Lawrence Dunham a/k/a Sayra Dunham filed a Chapter 7 bankruptcy petition in the Bankruptcy Court for the Western District of Kentucky, Case No. 13-11456.

The Bankruptcy Court granted the Borrower a discharge from personal liability on March 12, 2014.

8.   The Borrower has defaulted on the Note and Mortgage by failing to make payments when due.

9.   RHS has, in accordance with the loan documents, accelerated the loan and declared the entire principal balance, together with all accrued and unpaid interest and all other sums due under the loan documents, to be due and payable.  Further, RHS sent notice to the Borrower of the default and acceleration of the loan.

10.  In accordance with the loan documents, the United States is entitled to enforce the Mortgage through this foreclosure action and to have the Property sold to pay all amounts due, together with the costs and expenses of this action.

11.  The unpaid principal balance on the Note is $125,660.42 with accrued interest of $10,254.20 through September 13, 2017 with a total subsidy granted of $24,701.39, late charges in the amount of $89.35, and fees assessed of $2,387.19, for a total unpaid balance of $163,092.55 as of September 13, 2017.  Interest is accruing on the unpaid principal balance at the rate of $20.1636 per day after September 13, 2017.

12.  The Property is indivisible and cannot be divided without materially impairing its value and the value of RHS's lien thereon.

13.  The defendant Sayra Lawrence Dunham a/k/a Sayra Dunham is joined as a defendant in this action in order to afford her the opportunity to come forth and assert any spousal right, claim or interest she may have in the Property, by virtue of her status as the spouse of the Borrower.  Said spousal interest is junior in rank and subordinate in priority to the first Mortgage lien on the Property in favor of RHS.  RHS is entitled to a foreclosure sale of the Property free and clear of any interest therein or claim thereon in favor of said defendant, and the plaintiff calls upon her to

come forth and assert her interest in or claim upon the Property, and offer proof thereof, or be forever barred.

14. Defendant CACH, LLC may claim an interest in the Property by virtue of a Notice of Judgment Lien recorded on July 23, 2012 in Encumbrance Book 35, Page 453 in the Barren County Clerk's Office, a copy of which is attached as **Exhibit E**. The interest of this Defendant is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RHS, and the Plaintiff calls upon this Defendant to come forth and assert its interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

15. There are no other persons or entities purporting to have an interest in the Property known to the Plaintiff.

WHEREFORE, Plaintiff, the United States of America, on behalf of RHS, demands:

a. Judgment against the interests of the Borrower in the Property in the principal amount of $125,660.42 with accrued interest of $10,254.20 through September 13, 2017 with a total subsidy granted of $24,701.39, late charges in the amount of $89.35, and fees assessed of $2,387.19, for a total unpaid balance of $163,092.55 as of September 13, 2017.  Interest is accruing on the unpaid principal balance at the rate of $20.1636 per day after September 13, 2017, until the date of entry of judgment, and interest thereafter according to law, plus any additional costs, disbursements and expenses advanced by the United States;

b. That the United States be adjudged a lien on the Property, prior and superior to any and all other liens, claims, interests and demands, except liens for unpaid real estate ad valorem taxes;

c. That the United States' lien be enforced and the Property be sold in accordance with Title 28 U.S.C. §§ 2001-2003 subject to easements, restrictions and stipulations of record, but free and clear of all other

liens and encumbrances except liens for any unpaid ad valorem real property taxes;

    d.    That the proceeds from the sale be applied first to the costs of this action, second to any ad valorem real property taxes, if any, third to the satisfaction of the debt, interest, costs and fees due the United States, with the balance remaining to be distributed to the parties as their liens or interests may appear;

    e.    That the Property be adjudged indivisible and be sold as a whole; and

    f.    That the United States receive any and all other lawful relief to which it may be entitled.

    UNITED STATES OF AMERICA

    RUSSELL M. COLEMAN
    United States Attorney

    s/ William F. Campbell
    William F. Campbell
    Assistant U.S. Attorney
    717 West Broadway
    Louisville, KY 40202
    Phone: 502/582-5911
    Fax: 502/625-7110
    bill.campbell@usdoj.gov